Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY PARISI, individually and on behalf of all others similarly situated , <br><br> Plaintiff <br><br> v. <br><br> NORTHSTAR LOCATION SERVICES, LLC, and DOES 1-10, inclusive, and each of them, <br><br> Defendant | **Case No.:** 3:21-cv-04484-CRB <br><br> **JOINT REPORT** : ORDER <br><br> **(F.R.C.P. 26 AND L.R. 16-9)** <br><br> Date: October 29, 2021 <br> Time: 8:30 A.M. <br> Courtroom: 650 <br> Judge: Hon. Charles R. Breyer |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, and the Court's Order Setting Initial Case Management Conference and ADR Deadlines, Plaintiff TOMMY PARISI ("Plaintiff") and Defendant, NORTHSTAR LOCATION SERVICES, LLC

("Defendant"), hereby submit their Joint Rule 26(f) Conference Report after having met and conferred on the issues contemplated in above-cited Rules and Orders.

### A.   Subject Matter Jurisdiction

The parties agree that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this matter arises out of a question of federal law, in particular both the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ("TCPA") and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ('FDCPA").

The parties further agree that, at this time, there are no additional parties who remain to be served.

### B.   Factual and Legal Bases

<u>Plaintiff:</u> Plaintiff is informed and believes, and thereon alleges, that beginning on or around July 2020, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.  Defendant used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)* to place its calls.  Defendant's calls were not for an emergency purpose as defined by *47 U.S.C. § 227(b)(1)(A)*.  Defendant's calls were placed to a cellphone service for which Plaintiff incurs a charge pursuant to *47 U.S.C. § 227(b)(1)*.  Defendant did not have Plaintiff's "prior express consent" to receive such calls, and furthermore, Plaintiff orally revoked any and all consent to be contacted.  Additionally, Defendant called Plaintiff in such a pattern and with such frequency to harass, annoy, and/or abuse Plaintiff, as defined

by the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. C. § 1788.11 et. seq. ("RFDCPA"), and the FDCPA.

Defendant's alleged conduct violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq., the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq., and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq.

<u>Defendant</u>: Northstar submits that it did not did not use an "automated telephone dialing system" ("ATDS"), within the meaning of the TCPA, as that term currently is interpreted under applicable law, in connection with its contacts to Plaintiff Paris or to the purported Class.  More specifically, the system used by Northstar does not randomly generate a sequence of telephone numbers; rather, numbers are generated from a defined list of numbers. Also, the system used by Northstar requires manual intervention by its Clicker Agent to place a call.  Northstar further denies that it engaged in conduct which was intended to violate, or which did violate, either the TCPA, the FDCPA, or the RFDCPA.  Northstar also is informed and currently understands that there are numerous factual issues which will need to be resolved, both as to Plaintiff Parisi and to members of the putative class, including but not necessarily limited to: whether Plaintiff Parisi and other putative class members gave consent to be contacted on their cellular telephones; whether, if such consent was granted, Plaintiff Parisi and other putative class members ever timely or properly revoked such consent; whether Plaintiff Parisi and other putative class

members waived rights to bring or participate in a class action with respect to issues involving their respective debts or the collection of those debts; whether Plaintiff Parisi and other putative class members agreed to arbitrate any disputes and issues involving their respective debts or the collection of those debts; and whether Plaintiff Parisi and other putative class members have been damaged by any alleged conduct by or attributable to Northstar.

Northstar further submits that, at a minimum, the following legal issues also currently exist and will need to be resolved:

- Whether there is an ascertainable class to determine who provided written consent and who did not provide written consent to receipt of calls on their respective cellular telephones;

- Whether there is an ascertainable class to determine if any individual(s) revoked consent to receipt of calls on their respective cellular telephones;

- Whether there is an ascertainable class to determine the manner in which any individual(s) revoked consent to receipt of calls on their respective cellular telephones was effective or not to receipt of such calls;

- Whether common issues predominate in light of the defenses asserted by Defendant Northstar, because of the consent defense;

- Whether common issues predominate because of revocation of consent

issues;

- Whether Defendant Northstar used an automatic telephone dialing system (ATDS), or an artificial or prerecorded voice message;

- If Defendant Northstar used an ATDS, whether the contact was made without the prior express written consent of Plaintiff Parisi or any other individual putative class member;

- Whether Plaintiff Parisi or any other putative class members revoked any consent to be contacted by Defendant Northstar;

- Whether any revocation of consent was or was not effective;

- Whether Plaintiff Parisi or any other putative class members instructed Defendant Northstar to cease communications in writing;

- Whether Plaintiff Parisi or any other putative class member is obligated to arbitrate his/her dispute with Northstar;

- Whether Plaintiff Parisi or any other putative class member waived any alleged right to initiate, maintain or participate in a putative class action against Northstar;

- Whether any act of Defendant Northstar in contacting Plaintiff Parisi was unreasonable so as to constitute harassment;

- Whether Defendant Northstar had any intent to harass Plaintiff Parisi when contacting him;

- Whether Plaintiff Parisi or any other putative class member suffered

any damage as a result of any conduct of Defendant Northstar;

- Whether Plaintiff Parisi or any other putative class member was charged for any calls received by Defendant Northstar;
- Whether Defendant Northstar violated the TCPA;
- Whether Defendant Northstar violated the FRCPA; and
- Whether Defendant Northstar violated the Rosenthal Fair Debt Collection Practice Act, Cal. Civ. Code § 1788 ("RFDCPA").

### C. Motions

There are no motions currently pending before this Court.

Plaintiff anticipates bringing a Motion for Class Certification.

Defendant Northstar anticipates bringing a motion to compel arbitration as against Plaintiff Parisi, to the extent the facts support such a motion. Defendant Northstar also anticipates bringing a motion to enforce class action waiver, to the extent the facts support such a motion. Finally, Defendant Northstar anticipates filing a motion for summary judgment/partial summary judgment pursuant to FRCP 56.

### D. Amendment of Pleadings

The Parties do not presently anticipate any amendments to the pleadings.

### E. Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties confirm they have met and conferred

pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**F.    Disclosures**

The Parties will comply with their initial disclosures pursuant to FRCP 26(a), within 14 days following the Rule 26(f) conference.

**G.    Discovery Plan**

1.    Plaintiff's position.  Plaintiff does not believe that discovery should not be conducted in phases or limited except as provided by the Federal Rules of Civil Procedure.

<u>Plaintiff:</u>  Plaintiff's written discovery will consist of interrogatories, requests for production, and requests for admissions.  Plaintiff needs discovery on the following subjects: Defendant's policies and practices for placing telephone calls to alleged debtors; documentation regarding Defendant's policies and practices for processing the revocation of consent made by debtors on those calls; the outbound dial list and dialer manual for the device used by Defendant to place calls to Plaintiff; a sampling of account notes from Defendant; and, documentation regarding Defendant's compliance with the FDCPA, RFDCPA, and TCPA. Plaintiff also intends to depose the Defendant's 30(b)(6) witness.

2.    Defendant Northstar's position.

As of the date of preparation and filing of this Joint Report, the parties have not initiated any discovery.

Defendant Northstar will stipulate to an e-discovery order.

Subject of Federal Rule of Civil Procedure 26(f)(3), and depending on whether or not this action will proceed as a class action, Northstar submit the following proposed Discovery Plan.

(A)   At present, Northstar does not propose any limitations or modification of or to the timing, form, or requirement for disclosure under Rule 26(a);

(B)   Northstar expects expect to propound discovery (interrogatories, admissions requests, document requests) as to all factual issues raised by the pleadings, and does not believe that discovery need be conducted in phases or limited to or focused on any particular issues.  Northstar also plans to take at least one deposition (Plaintiff Parisi), and likely more depending on the information disclosed and issues developed through discovery.

Northstar submits that percipient witness discovery (save for discovery motions) is to be completed by April 30, 2022;

(C)   At present, Northstar does not expect any issue about disclosure, discovery, or preservation of electronically stored information;

(D)   At present, Northstar does not expect any issues about claims of privilege or of protection of trial-preparation materials;

(E)   At present, Northstar does not propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's Local Rules.  However, Northstar reserves the right to seek such changes should the facts

and needs of the case establish good cause for such changes; and

(F) Northstar does not presently see the need for any other orders to be issued at this time by the Court.

### H. Class Actions

Plaintiff believes that this case is appropriate to be certified as a class action after the applicable discovery is engaged in. At an appropriate time, and after the discovery is conducted, Plaintiff intends to move for class certification.

Defendant Northstar submits this case does not meet the strict applicable standards for class actions because, among other factual and legal issues, the class is not ascertainable and the case concerns possible defense such as (a) whether consent was provided, (b) whether any putative class member agreed to arbitrate his/her disputes, and (c) whether any putative class member waived his/her alleged right to initiate, maintain or participate in a class action, any and all of which will impact any certification of any purported class.

### I. Related Cases

Defendant Northstar respectfully submits that the case of *John Sloatman II v. Northstar Location Services, LLC*, United States District Court for the Central District of California Case No. 2:21-cv-04255, filed on May 21, 2021, qualifies as a related case, as it asserts the exact same claims, including the exact same putative class claims for violation of the TCPA. The *Sloatman* case was filed by the same set of attorneys who appear in this case on behalf of Plaintiff Parisi.

### J.  Relief

Plaintiff seeks all available statutory relief for Plaintiff and the putative class. Defendant Northstar submits that Plaintiff Parisi is not entitled to any damages as purportedly caused by Defendant Northstar.

### K.  Settlement Discussions and ADR Selection

The parties have engaged in early informal discussions of the facts in this matter.  The parties propose ADR Procedure No. 3, private mediation.

### L.  Trial Time and Schedule

Depending on whether a class is certified, the Parties expect a trial of not less than four (4) to six (6) days.  The Parties estimate that they can be ready for trial, following completion of percipient witness discovery, and experts, if any are to be retained, by not later than June 30, 2022. If the class should be certified, Plaintiff believes that a case would be ready for trial by November, 2022.

### M.  Trial by Jury

The Parties each have requested the trial be by jury.

### N.  Trial Counsel

Plaintiff will be represented at trial by Todd M. Friedman.

Defendant Northstar will be represented at trial by Gary J. Lorch and Elizabeth B. Vanalek of Gordon Rees Scully Mansukhani, LLP.

### O.  Consent to Magistrate Judge

The parties do not consent to a Magistrate Judge for all purposes.

**P.     Narrowing of Issues**

Plaintiff Parisi's Position: Plaintiff is unaware of any issues at this time that can be narrowed by agreement, due to the early nature of the litigation.

Defendant Northstar's Position:  This case is at its inception. Defendant Northstar is presently unaware of any issues that at this time can be narrowed by agreement.

**Q.     Expedited Trial Procedure**

The Parties submit that this case is not suitable for an expedited trial procedure.

**R.     Scheduling**

The Parties agree that the dates for designation of experts, discovery cutoff, hearing of dispositive motions, and the pretrial conference shall be based on a trial date of June 30, 2022.

**S.     Disclosure of Non-Party Interested Parties or Persons**

Plaintiff Parisi:

Plaintiff has not yet filed its "Certification of Interested Entities or Persons" at the time of the preparation of this report, but intends to do so forthwith.

Defendant Northstar:  On August 25, 2021, Defendant Northstar filed its "Certification of Interested Entities or Persons," as required by Civil Local Rule 3-15.

### T.  Professional Conduct

Each Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### U.  Other Matters

The Parties presently do not anticipate any other matters to be at issue for a just, speedy and inexpensive disposition of this matter.

Dated: October 22nd, 2021                      Respectfully submitted,

                      LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                      By: s/Todd M. Friedman
                      Todd M. Friedman, Esq.
                      Attorney for Plaintiff

Dated:  October 22, 2021            GARY J. LORCH
                                    ELIZABETH B. VANALEK
                                    GORDON REES SCULLY
                                        MANSUKHANI, LLP


                                    By:  s/Gary J. Lorch
                                         GARY J. LORCH
                                    Attorneys  for  Defendant  NORTHSTAR LOCATION SERVICES, LLC

The Court adopts the Joint Report.  The Case Management Conference set for October 29, 2021 is vacated.  The pretrial conference and trial date to be determined at a later date. A Joint Case Management Statement due by March 18, 2022. Case Management Conference set for March 25, 2022 at 8:30 a.m. Counsel will participate in private mediation.
Date: October 26, 2021

[APPROVED — Judge Charles R. Breyer, United States District Court, Northern District of California]